# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| RUTH WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-1269 JAR |
| | ) | |
| ANTHEM BLUE CROSS & BLUE SHIELD, | ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks leave to proceed in forma pauperis in this civil action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). The motion is granted. Additionally, the Court will require plaintiff to submit an amended complaint.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## Discussion

Liberally construed, the complaint alleges that defendant violated the TCPA by calling her telephone using an automated phone system. Plaintiff says she suffered as a result because she has post-traumatic stress disorder.

The Court cannot order the Clerk to serve process at this time. First, there are no allegations showing that venue lies in this Court. Plaintiff is a resident of Florida, and she says she does not know where defendant can be located. She appears to be attempting to join a class action case that was closed in June 2015, *Lees v. Anthem Insurance Companies, Inc.*, No. 4:13-CV-1411 SNLJ (E.D. Mo.). She may not do so, however, because it is no longer pending. There are no allegations showing that defendant can be located here or that a substantial portion of the events that led to this cause occurred within this District. Therefore, she must show cause why this action should not be dismissed for lack of proper venue. *See* 28 U.S.C. § 1406(a).

Second, the complaint is too vague to provide notice to defendant with regard to the substance of plaintiff's claims. She has not stated any facts about the telephone calls, such as when they occurred or whether they were for marketing purposes. She has also failed to allege whether she had an established business relationship with defendant when it placed the calls. Because she is pro se, the Court will allow her to file an amended complaint.

Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so she must include each and every one of his claims in the amended complaint. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Any claims from the original complaint that are not included in the amended

complaint will be considered abandoned. *Id.* Plaintiff must allege facts showing that venue is proper in this District. She must also allege sufficient facts about phone calls to provide defendant notice of the substance of her claims.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk is directed to send plaintiff a civil complaint form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint no later than twenty-one (21) days of the date of this Order.

**IT IS FURTHER ORDERED** that if plaintiff does not comply with this Order, the Court will dismiss this action without further proceedings.

Dated this 11th day of April, 2017.

                                    /s/ John A. Ross
                                    JOHN A. ROSS
                                    UNITED STATES DISTRICT JUDGE